[No. G012930. Fourth Dist., Div. Three. Apr. 22, 1993.]

CHAMPION/L.B.S. ASSOCIATES DEVELOPMENT COMPANY, Plaintiff and Respondent, v.
E-Z SERVE PETROLEUM MARKETING, INC., Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

\*Pursuant to rules 976(b) and 976.1 of the California Rules of Court, this opinion is certified for publication with the exception of parts II and III.

**COUNSEL**

Cain & Cain and Gene Cain for Defendant and Appellant.

Timothy D. Reuben and Ronny Sendukas for Plaintiff and Respondent.

**OPINION**

**SILLS, P. J.**—In *Greene* v. *Amante* (1992) 3 Cal.App.4th 684 [4 Cal.Rptr.2d 571], this court held that orders imposing discovery sanctions over $750 are appealable. In the present appeal, we must decide whether sanctions of less than that amount arising out of one discovery motion may be "aggregated" with sanctions arising out of another motion and decided at the same hearing. For appealability purposes, we believe we must look to the offending lawyer's course of conduct, not the number of motions involved or the fortuity that they were consolidated for hearing. Here, the course of conduct giving rise to the sanctions award of less than $750 is separate and distinct from the conduct at issue in the other motion. We therefore dismiss that portion of the appeal involving the award of less than $750 as nonappealable

under Code of Civil Procedure section 904.1, subdivision (k).[1] For reasons stated in the unpublished portion of this opinion, we affirm the award of greater than $750 arising from the other motion.

FACTS

Plaintiff Champion/L.B.S. Associates Development Company (Champion) sued defendant E-Z Serve Petroleum Marketing, Inc. (E-Z Serve) and two other oil companies in 1990 for contamination of Champion's property; the contamination allegedly emanated from leaks in underground gasoline storage tanks. On July 11, 1990, Champion served a set of interrogatories and a request for production of documents on E-Z Serve.[2] Since the trial court awarded sanctions for failure to respond to this discovery, we must assume that E-Z Serve in fact did not respond.[3] A year and a half passed without incident; according to Champion, it did not immediately move to compel responses because the parties had expressed an interest in settlement. Finally, on February 27, 1992, Champion filed a motion to compel responses, together with a request for sanctions under section 2023 and related provisions.[4] The motion was originally set for March 24, but apparently was continued until April 21.

Meanwhile, shortly before it filed its motion to compel (i.e., on Feb. 24, 1992), Champion propounded a set of requests for admissions to E-Z Serve. Responses were not served by the due date, March 30. On April 2, Champion filed a motion seeking an order that the facts which were the subject of the requests for admissions be deemed admitted, together with a request for sanctions. E-Z Serve filed a belated response to the requests for admissions on April 8. E-Z Serve's counsel (Cain) mentioned the belated responses in his opposition to Champion's motion, and requested sanctions of his own for having to respond. In his declaration supporting his opposition, Cain also

[1] All statutory references are to the Code of Civil Procedure unless otherwise specified.

[2] The proofs of service for the set of interrogatories and the request for production of documents are not contained in either the appellant's or the respondent's appendix in lieu of clerk's transcript. However, we have located these documents in the appendix Champion filed in opposition to a petition for writ of mandate filed by E-Z Serve in July 1992 on issues arising out of one of the motions involved in this appeal (*E-Z Serve Petroleum Marketing, Inc. v. Superior Court* (Aug. 13, 1992, G012834), [nonpub. opn.] petn. den.). Champion has requested we take judicial notice of this appendix, and we grant that request, primarily because the appendix contains many documents which should have been included in the record on appeal. Champion complains that E-Z Serve's record in this appeal is inadequate; while that may be true, Champion's own request for judicial notice solves the problem.

[3] According to E-Z Serve's attorney, Gene Cain, he mailed responses on September 1, 1990; however, he admitted he did not have a signed proof of service in his file.

[4] Champion also sought to compel attendance at a deposition it had noticed, but that portion of its motion was denied.

requested that he be allowed to appear on the motion by telephone (his office is in Walnut Creek).

Both motions were heard on April 21. Champion's attorney was present in court; according to the minute orders, Gene Cain appeared for E-Z Serve "by telephone." Both parties agree that the trial court did not entertain oral argument. The court granted the motion to compel discovery, and awarded sanctions of $1,500 against E-Z Serve and Cain on that motion. In a separate minute order, the court also granted the motion to deem facts admitted, and awarded sanctions of $315 solely against Cain. E-Z Serve appeals from these minute orders.[5]

## DISCUSSION

### I

Under *Greene* v. *Amante, supra,* 3 Cal.App.4th 684, the order awarding sanctions of $1,500 in connection with the motion to compel discovery is appealable.[6] (1) E-Z Serve also seeks appellate review of the order awarding $315 in sanctions arising out of the motion to deem facts admitted. Under section 904.1, subdivision (k), an appeal lies "[f]rom a superior court judgment directing payment of monetary sanctions by a party or an attorney for a party only if the amount exceeds seven hundred fifty dollars ($750). Lesser sanction judgments against a party or an attorney for a party may be reviewed on an appeal by that party after entry of final judgment in the main action, or, in the alternative, at the discretion of the court of appeal, may be reviewed upon petition for an extraordinary writ." The $315 sanction award is below the $750 "bright line" created by subdivision (k). It is not appealable.

Having said this, we recognize that there may be situations where "aggregating" separate sanction awards in order to reach the $750 minimum may be appropriate. Let us assume that a defendant simultaneously propounds a set of interrogatories, a set of requests for admission, and a request for production of documents to a plaintiff, and defendant believes plaintiff's responses are inadequate. Defendant files a motion (or perhaps two or three motions) to compel further discovery. Plaintiff then opposes the motion (or

---

[5] On July 13, E-Z Serve petitioned this court for a writ of mandate seeking relief from the trial court's order deeming facts admitted. (See fn. 2, *ante.*) After requesting an informal response, we denied the petition.

[6] Between appellant and respondent, the parties have cited every recently published decision concerning the appealability of discovery sanction orders *except* this court's decision in *Greene.*

motions), asserting the responses are complete. The trial court sides with defendant and issues three separate sanction awards of $600 each. In such a case, it could well be that it is the same conduct which is being sanctioned three times. If so, we think "aggregation" would be proper. Absent such circumstances (which are certainly not present in the instant appeal), the $750 bright line test applies. Therefore, that portion of this appeal dealing with the $315 sanctions award is dismissed.

## II, III*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The purported appeal from the order imposing sanctions of $315 is dismissed. For reasons stated in the unpublished portion of this opinion, the sanctions order for $1,500 is affirmed.

Wallin, J., concurred.

**CROSBY, J.,** Concurring and Dissenting.—Dismissal of that portion of the appeal purporting to challenge the $315 sanctions award is, of course, correct. (*Greene* v. *Amante* (1992) 3 Cal.App.4th 684, 690-692 [4 Cal.Rptr.2d 571] (dis. opn. of Crosby, J.).) I vehemently disagree, however, with the majority's dictum concerning aggregation of a series of minuscule discovery sanctions awards to reach what they characterize as a "$750 'bright line.'" (Maj. opn., *ante*, at p. 59.)

For the reasons expressed in my dissenting opinion in *Greene*, I also disagree with the decision to resolve the $1,500 discovery sanctions issue on the merits. (*Greene* v. *Amante, supra,* 3 Cal.App.4th 684, 690-692 (dis. opn. of Crosby, J.).) There is no presently appealable judgment; and it is just plain silly to shelve serious business in order to entertain a chorus of whining lawyers complaining of such awards, most of which would be small potatoes in small claims court.

---

*See footnote, *ante*, page 56.