[No. A061839. First Dist., Div. Five. Nov. 15, 1993.]

GEORGE CALHOUN, Plaintiff and Appellant, v.
VALLEJO CITY UNIFIED SCHOOL DISTRICT et al., Defendants and
Respondents.

**COUNSEL**

Michael G. Calhoun for Plaintiff and Appellant.

Kronick, Moskovitz, Tiedmann & Girard, Paul W. Tozer and Brenda J. Pence for Defendants and Respondents.

**OPINION**

**KING, J.—**

### I. INTRODUCTION

In this case we hold that multiple monetary sanctions may not be aggregated to meet the $750 threshold for appealability established by Code of Civil Procedure section 904.1, subdivision (k). George Calhoun purports to appeal from an order denying his motion for change of venue and imposing monetary sanctions on his attorney. We dismiss the appeal.

### II. BACKGROUND

George Calhoun filed suit in Solano County Superior Court against the Vallejo City Unified School District and Public Employees' Union, Local One, for wrongful termination. He subsequently moved to change venue to San Francisco. The defendants opposed the motion and requested monetary sanctions. The school district sought the sanctions under Code of Civil Procedure sections 128.5 (sanctions for bad faith actions or tactics) and 396b, subdivision (b) (sanctions for making or resisting venue motion); the union did so only under section 396b. In an order filed on May 5, 1993, the court denied the venue motion and ordered plaintiff's counsel, Michael Calhoun, to pay $525 to each of the two defendants.

Michael Calhoun filed a notice of appeal stating that "George Calhoun, plaintiff, appeals . . . from the order imposing sanctions entered on May 5, 1993." The opening brief challenges both the denial of the venue motion and the imposition of sanctions.

### III. DISCUSSION

#### A. *The Venue Ruling*

We begin with the portion of the order denying the venue motion. We lack jurisdiction to review this ruling, for two reasons. ■ First, the ruling is nonappealable. Review of an order granting or denying a motion for change of venue lies only by petition for writ of mandate. (Code Civ. Proc., § 400.) The order is not made appealable by statute (Code Civ. Proc., § 904.1) or by

any of the "clearly mandated" exceptions to the one final judgment rule (see *Kinoshita* v. *Horio* (1986) 186 Cal.App.3d 959, 967 [231 Cal.Rptr. 241]).

Second, there was not even an attempt to appeal the venue ruling. The notice of appeal specifies only the portion of the order imposing sanctions. Because the two rulings are not interdependent, the purported partial appeal from the sanction ruling precludes review of the venue ruling. (*Gonzales* v. *R.J. Novick Constr. Co.* (1978) 20 Cal.3d 798, 804-805 [144 Cal.Rptr. 408, 575 P.2d 1190].)

Appellant asks us to treat the purported appeal as a writ petition. But the exercise of that option is reserved for "unusual circumstances." (*Olson* v. *Cory* (1983) 35 Cal.3d 390, 401 [197 Cal.Rptr. 843, 673 P.2d 720].) "Routine granting of requests to treat improper appeals as writs where there are no exigent reasons for doing so would only encourage parties to burden appellate courts with reviews of intermediate orders." (*Estate of Weber* (1991) 229 Cal.App.3d 22, 25 [280 Cal.Rptr. 22].) Appellant has shown no exigent reasons why review of the venue ruling should not, as is usual, await the rendition of a final judgment, so as to avoid multiple piecemeal appellate dispositions. (See *Kinoshita* v. *Horio, supra*, 186 Cal.App.3d at pp. 966-967.)

### B. *The Sanction Ruling*

Review of the sanction ruling is governed by Code of Civil Procedure section 904.1, subdivision (k), which permits an appeal from "a superior court judgment directing payment of monetary sanctions by a party or an attorney for a party only if the amount exceeds seven hundred fifty dollars ($750)." Lesser sanction judgments are reviewable only upon writ petition or on appeal after final judgment. (Code Civ. Proc., § 904.1, subd. (k).)

As with the venue ruling, there are two reasons why we lack jurisdiction to review the sanction ruling. First, the purported appeal is not by the sanctioned attorney, Michael Calhoun, but by the plaintiff, George Calhoun. Subdivision (k) of section 904.1 authorizes an appeal of a sanction ruling by the party against whom the sanctions were imposed. (*Imuta* v. *Nakano* (1991) 233 Cal.App.3d 1570, 1585 [285 Cal.Rptr. 681].) Thus, any right of appeal was vested in Michael, not George. Had Michael included himself as an additional appellant in George's notice of appeal, we could have liberally construed the notice of appeal in favor of its sufficiency (Cal. Rules of Court, rule 1(a); *Moyal* v. *Lanphear* (1989) 208 Cal.App.3d 491, 497 [256 Cal.Rptr. 296]), but Michael did not do so. Absent any attempted appeal by the sanctioned party, the sanction ruling is not presently reviewable.

■ Second, we believe the sanctions are insufficient to reach the $750 appealability threshold of Code of Civil Procedure section 904.1, subdivision (k). There are two sums payable here: $525 to the school district, and $525 to the union. The issue presented is whether the two sums may be aggregated to meet the $750 appealability threshold.

The law on this point is unsettled. There are three pertinent cases, which are divergent in their treatment of the problem.

The court in *Imuta* v. *Nakano, supra,* 233 Cal.App.3d at page 1585, footnote 20, declined to aggregate three sub-$750 sanction orders to exceed the $750 threshold. The court reasoned that because the sanctions were requested by separate motions, involved separate acts and different statutory authority, and were payable to different persons, the orders "are properly regarded as imposing three separate sanctions." (*Ibid.*)

The court in *Rao* v. *Campo* (1991) 233 Cal.App.3d 1557, 1569 [285 Cal.Rptr. 691], held that simultaneous orders imposing sanctions of $735 and $750 payable to counsel and a party were nonappealable for failure to meet the statutory threshold, without even considering the possibility of aggregation.

In *Champion/L.B.S. Associates Development Co.* v. *E-Z Serve Petroleum Marketing, Inc.* (1993) 15 Cal.App.4th 56, 59 [18 Cal.Rptr.2d 726], a majority opinion said ". . . there may be situations where 'aggregating' separate sanction awards in order to reach the $750 minimum may be appropriate." The opinion gave an example in which a defendant makes three simultaneous discovery requests, the plaintiff opposes a motion to compel further discovery, and the court rules for defendant and issues three separate sanction awards of $600 each. The majority stated, "In such a case, it could well be that it is the same conduct which is being sanctioned three times. If so, we think 'aggregation' would be proper." (*Id.* at p. 60.) The justices found no such circumstances in that case, however, and declined to aggregate. (*Ibid.*) In dissent, Justice Thomas F. Crosby, Jr., expressed "vehement" disagreement with "the majority's dictum concerning aggregation of a series of minuscule discovery sanctions awards," and concluded ". . . it is just plain silly to shelve serious business in order to entertain a chorus of whining lawyers complaining of such awards, most of which would be small potatoes in small claims court." (*Ibid.*)

We are of the opinion that when subdivision (k) was added to Code of Civil Procedure section 904.1, effective in 1990, the Legislature did not envision aggregation of multiple sanctions as a way to meet the $750

appealability threshold. Before 1990, all monetary sanction orders, regardless of amount, were appealable as final orders on a collateral matter. (E.g., *I.J. Weinrot & Son, Inc.* v. *Jackson* (1985) 40 Cal.3d 327, 331 [220 Cal.Rptr. 103, 708 P.2d 682]; *O'Brien* v. *Cseh* (1983) 148 Cal.App.3d 957, 960 [196 Cal.Rptr. 409].) Subdivision (k) changed the rule of appealability by establishing the $750 threshold. "The legislative history of the subdivision indicates the Legislature's intent was to '[e]liminate the right to appeal a judgment or order for the payment of monetary sanctions in cases where the order for payment is $750 or less. Review in such cases . . . will instead be upon the granting of a petition for an extraordinary writ.' (Assem. 3d reading digest on Assem. Bill No. 157 as amended Sept. 11, 1989; accord, Sen. Com. on Judiciary summary of Assem. Bill No. 157 as amended Aug. 21, 1989 for Aug. 22, 1989 hg.; Assem. Com. on Judiciary digest of Assem. Bill No. 157 for May 24, 1989 hg.)" (*Kohan* v. *Cohan* (1991) 229 Cal.App.3d 967, 970 [280 Cal.Rptr. 474].) Thus, the purpose of subdivision (k) was to *restrict* the number of appeals from sanction orders. (*Hanna* v. *BankAmerica Business Credit, Inc.* (1993) 16 Cal.App.4th 913, 918 [20 Cal.Rptr.2d 430]; *Ghanooni* v. *Super Shuttle* (1992) 2 Cal.App.4th 380, 388 [3 Cal.Rptr.2d 43]; *Kohan* v. *Cohan, supra,* 229 Cal.App.3d at p. 970.)

Aggregation of multiple sub-$750 sanction orders to create appealability would derogate this restriction on the right of appeal. To borrow from Justice Crosby, it would mean the return of many of the "small potatoes" appeals of which the Legislature meant to relieve the appellate courts. The very notion of aggregation runs counter to the fundamental restrictive purpose of subdivision (k).

Moreover, the standards for aggregation suggested by the majority in *Champion/L.B.S.* and by *Imuta* are, in our view, too vague and unwieldy to be of practical value. The majority in *Champion/L.B.S.* would ask whether the "same conduct" is being subjected to multiple sanctions. (*Champion/ L.B.S. Associates Development Co.* v. *E-Z Serve Petroleum Marketing, Inc., supra,* 15 Cal.App.4th at p. 60.) However, the very example given in that case—multiple sanctions after opposition to a motion to compel further discovery upon three discovery requests—illustrates the difficulty involved in applying such a standard: is there a single course of misconduct in opposing the motion to compel, or are there multiple instances of misconduct in failing to satisfy the three discovery requests? The court in *Imuta* would inquire into whether the sanctions are "separate" through a broader examination of such factors as whether the sanctions were requested by separate motions, involved separate acts or different statutory authority, or were payable to different persons. (*Imuta* v. *Nakano, supra,* 233 Cal.App.3d at p. 1585, fn. 20.) But the present case illustrates the difficulty involved in

that approach. This case, unlike *Imuta*, occupies the middle ground: the sanctions were requested in separate opposing documents, were payable to different defendants, and involved varying statutory authority, but involved the same act (the motion to change venue). It is a close question whether these sanctions are "separate" within the meaning of *Imuta*.

Such standards for aggregation would inject an unwelcome dose of uncertainty into the appellate process. The Legislature intended to create a $750 "bright line" threshold for appealability of monetary sanction orders. (*Champion/ L.B.S. Associates Development Co.* v. *E-Z Serve Petroleum Marketing, Inc.*, *supra*, 15 Cal.App.4th at p. 59.) A rule permitting aggregation of "same conduct" or "nonseparate" sanctions would blur that bright line. In close cases, such as the present one, the sanctioned party would be unsure whether to proceed by appeal or by writ petition. The wrong decision could prove to be procedurally fatal. Bright lines are often too arbitrary to be of much use in the substantive law, but they are usually quite serviceable and even preferred as procedural rules, which should serve as clearly marked guideposts rather than traps for the unwary.

We conclude that because of the Legislature's intent to reduce the number of appeals from monetary sanction orders and the confusion that would result from a rule permitting aggregation, multiple sub-$750 sanctions may not be aggregated under any circumstances to meet the appealability threshold of Code of Civil Procedure section 904.1, subdivision (k). We endorse a bright line rule that a sanction order is nonappealable if it does not impose any sanction exceeding $750, and thus an order requiring payment of multiple sanctions, none of which exceed $750, is nonappealable even if the total aggregated sanctions exceed $750.

This does not leave the sanctioned party without an appellate remedy. Subdivision (k) of Code of Civil Procedure section 904.1 expressly preserves the right to review of a sub-$750 sanction order upon an extraordinary writ petition.[1] If the trial court has truly done wrong in imposing a small monetary sanction—not often the situation, in our experience—we can right the wrong quickly through a writ proceeding. If, as is more likely, the petitioner has no legitimate point to make, we can dispose of the writ petition summarily, without oral argument or a written opinion, and thus with minimum disruption of judicial resources. In either case, the appellate process is streamlined to the benefit of all concerned. These "small potatoes" sanction cases—whether or not meritorious—properly call for us to put on our writ hats, not our appeal hats.

---

[1] Of course, a sanction order which does not exceed $750 is also reviewable on an appeal from the final judgment. (Code Civ. Proc., § 904.1, subd. (k).)

## IV. DISPOSITION

The appeal is dismissed.

Peterson, P. J., and Haning, J., concurred.