61 Cal.App.4th 1 (1997)
PHONG LIM, Plaintiff and Appellant,
v.
DAVID SILVERTON, Defendant and Respondent.
Docket No. BV21450.
Court of Appeals of California, Appellate Department, Superior Court, Los Angeles.
August 21, 1997.
*2 COUNSEL
Gary Hollingsworth for Plaintiff and Appellant.
Pius Joseph for Defendant and Respondent.
OPINION
TODD, J.
In this case the trial court imposed sanctions of $250 against appellant for failing to timely file a questionnaire in advance of the trial setting conference. Appellant filed a motion for reconsideration of the order imposing sanctions, which was heard and denied as untimely. Appellant then filed a notice of appeal purporting to appeal from the order imposing sanctions and from the order denying her motion for reconsideration. The record does not reflect that a judgment was entered.
(1) Appellant argues the order imposing sanctions is directly appealable as "`a final order on a collateral matter directing the payment of money,'" relying on I.J. Weinrot & Son, Inc. v. Jackson (1985) 40 Cal.3d 327, 331 [220 Cal. Rptr. 103, 708 P.2d 682] and O'Brien v. Cseh (1983) 148 *3 Cal. App.3d 957, 960 [196 Cal. Rptr. 409]. However, Code of Civil Procedure[1] section 904.1 was amended effective 1990 to change the rule that all monetary sanction orders are appealable. In 1989, the Legislature added subdivision (k), which established a $750 appealability threshold. (See Calhoun v. Vallejo City Unified School Dist. (1993) 20 Cal. App.4th 39, 43-44 [24 Cal. Rptr.2d 337].) As amended, subdivision (k) then provided for an appeal "[f]rom a superior court judgment directing payment of monetary sanctions by a party or an attorney for a party only if the amount exceeds seven hundred fifty dollars ($750)." It further provided that lesser sanction judgments against a party or an attorney for a party could be reviewed either on an appeal by that party after entry of final judgment in the main action, or, at the discretion of the Court of Appeal, upon petition for an extraordinary writ. The Calhoun court noted: "`The legislative history of the subdivision indicates the Legislature's intent was to "[e]liminate the right to appeal a judgment or order for the payment of monetary sanctions in cases where the order for payment is $750 or less. Review in such cases... will instead be upon the granting of a petition for an extraordinary writ." ...' [Citation.] Thus, the purpose of subdivision (k) was to restrict the number of appeals from sanction orders. [Citations.]" (Calhoun, supra, 20 Cal. App.4th at p. 44.)
Section 904.1 was again amended in 1993. That section now provides in relevant part: "(a) An appeal may be taken from a superior court in the following cases: [¶] ... [¶] (11) From an interlocutory judgment directing payment of monetary sanctions by a party or an attorney for a party if the amount exceeds five thousand dollars ($5,000). [¶] (12) From an order directing payment of monetary sanctions by a party or an attorney for a party if the amount exceeds five thousand dollars ($5,000). [¶] (b) Sanction orders or judgments of five thousand dollars ($5,000) or less against a party or an attorney for a party may be reviewed on an appeal by that party after entry of final judgment in the main action, or, at the discretion of the court of appeal, may be reviewed upon petition for an extraordinary writ."
Section 904.2, governing appeals from municipal courts, provides in subdivision (a) that no appeal may be taken from an interlocutory judgment, and it does not separately specify that any appeal may be taken from an interlocutory judgment or order directing the payment of sanctions in any amount. "[S]tatutes relating to the same subject matter should be construed together and harmonized if possible." (People v. Foster (1993) 14 Cal. App.4th 939, 953 [18 Cal. Rptr.2d 1].) "When a statute contains a particular provision, the omission of that provision from similar statutes on *4 the same or a related subject reveals a different intent. [Citation.]" (City of Dublin v. County of Alameda (1993) 14 Cal. App.4th 264, 280 [17 Cal. Rptr.2d 845].) In view of the Legislature's amendment of section 904.1 to restrict the number of appeals by specifying that only certain superior court sanction orders or interlocutory judgments are directly appealable, together with the omission of any provision of appealability of municipal court sanction orders or interlocutory judgments in section 904.2, we conclude that the Legislature did not intend any prejudgment municipal court orders or interlocutory judgments imposing sanctions to be directly appealable.[2]
Furthermore, the order denying appellant's motion for reconsideration is not separately appealable. (Rojes v. Riverside General Hospital (1988) 203 Cal. App.3d 1151, 1160-1161 [250 Cal. Rptr. 435], disapproved on another point in Passavanti v. Williams (1990) 225 Cal. App.3d 1602, 1605-1608 [275 Cal. Rptr. 887].)
The appeal is dismissed. Respondent to recover costs on appeal.
Johnson, P.J., and Roberson, J., concurred.
NOTES
[1] All further statutory references will be to the Code of Civil Procedure unless otherwise indicated.
[2] We recognize that an order after judgment imposing sanctions would be appealable under section 904.2, subdivision (b), and that prejudgment sanction orders may be reviewed upon an appeal from the judgment. (See 3 Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 1996) ¶ 9:1286, p. 9(III)-47, rev. #1, 1997 ["Appellate review of lesser superior court sanctions may be obtained only on appeal from the final judgment in the action or by petition for extraordinary writ. The same is true of sanctions awarded by municipal and justice courts."].)