Filed 7/31/14  Dohr v. Lintz CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 977(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 977(b).  This opinion has not been certified for publication or ordered published for purposes of rule 977.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| WILLIAM F. DOHR,<br><br>    Plaintiff, Cross-defendant and<br>Respondent,<br><br>        v.<br><br>SUSAN D. LINTZ,<br><br>    Defendant, Cross-complainant and<br>Appellant. | G049660<br><br>(Super. Ct. No. 30-2011-00502087)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Robert J. Moss, Judge.  Motion to dismiss appeal granted.  Appeal dismissed.

Richard D. Williams and Lytton, Williams, Messina & Hankin for Defendant, Cross-complainant and Appellant.

W. Ernest Mooney and Law Offices of Ernest Mooney for Plaintiff, Cross-defendant and Respondent.

\*        \*        \*

THE COURT:[*]

We dismiss this appeal by a client from a sanction award against the client's lawyer alone. We follow an extensive body of case law dismissing such appeals when brought only by a client.

I

This appeal is a piece of complex litigation involving a family corporation, Sterling Homes, which was founded by the defendant's now deceased father. Plaintiff is defendant's former husband.

Plaintiff initiated the underlying litigation as a declaratory relief action to establish his ownership in corporate stock in Sterling Homes. Defendant cross-complained against plaintiff and some 20 other individuals and entities for fraud and breach of fiduciary duty, alleging that plaintiff and others mismanaged corporate assets in an accounting fraud.

In December 2013, the trial court awarded plaintiff $6,600 in monetary sanctions against the law firm of Lytton, Williams & Messina pursuant to Code of Civil Procedure section 128.7[1] for filing a frivolous summary judgment motion on defendant's behalf. Plaintiff had sought sanctions against both defendant and the law firm, but the trial court awarded sanctions only against the law firm.

In February 2014, defendant filed a notice of appeal from the sanctions award. The law firm did not file its own notice of appeal.

II

Defendant asserts that she is entitled to appeal the sanctions award against her attorneys because the pertinent code provision is worded in the disjunctive: Section 904.1(a)(12) provides: "An appeal, other than in a limited civil case, may be taken from

_____

[*] Before O'Leary, P. J., Fybel, J., and Ikola, J.

[1] All further references are to the Code of Civil Procedure, unless otherwise specified.

2

any of the following:  (12) From an order directing payment of monetary sanctions by a party *or* an attorney for a party if the amount exceeds five thousand dollars ($5,000)." (Italics added.)  According to defendant, "[n]othing in the express language . . . requires that the sanctioned attorney be the one to exercise the right of appeal, or precludes a party from appealing."

Defendant, however, understates the significance of the requirement in section 902 that appeals be brought by a party who is legally "aggrieved" by the appealable judgment or order. (§ 902.)  Under section 902, to be sufficiently "aggrieved" to have standing to appeal, a person's rights or interests must be injuriously affected by the judgment or order, and those rights or interests must be immediate, pecuniary, and substantial and not nominal or a remote consequence of the judgment or order. (*El Dorado Irrigation Dist. v. State Water Resources Control Bd.* (2006) 142 Cal.App.4th 937, 977.)

Defendant has not been "aggrieved" by the court order requiring her attorney to pay the sum of $6,600 for filing a "frivolous" motion for summary judgment. (*In Re Marriage of Knowles* (2009) 178 Cal.App.4th 35, 38, fn. 1 ["Because Sara has not filed a notice of appeal, we are without jurisdiction to consider this assertion.  When a sanctions ruling is imposed only upon a party's attorney, the attorney is the aggrieved party with the right to appeal"].)

The decision in *Calhoun v. Vallejo City Unified School Dist.* (1993) 20 Cal.App.4th 39, 42 (*Calhoun*) is on point.  In *Calhoun*, the trial court entered an order denying a discharged employee's motion for change of venue and imposed sanctions against the employee's attorney.  As here, only the client, not the attorney, appealed.  In dismissing the appeal, the Court of Appeal noted it lacked jurisdiction because, among other reasons, the right of appeal vested only in the person "against whom the sanctions were imposed.  [Citation.]  . . . Absent any attempted appeal by the sanctioned party, the sanction ruling is not presently reviewable." (*Calhoun, supra,* 20 Cal.App.4th at p. 42.)

3

Defendant attempts to distinguish *Calhoun* by arguing that the decision "relies on language ['by that party'] that no longer exists in the statute as the basis for its ruling." According to defendant, section 904.1 has since been modified and the statute, as currently written "has no 'by that party' language, and contains no express direction as to who has the right to appeal."

Defendant is incorrect. While the statute has been amended and renumbered, the identical phrase ("by that party") remains in the current version of the statute; albeit in a different place. (See § 904.1, subd. (b) ["Sanction orders or judgments of five thousand dollars ($5,000) or less against a party or an attorney for a party may be reviewed on an appeal *by that party* after entry of final judgment in the main action . . . ."].) (Italics added.)[2] For our purposes, there are only immaterial substantive differences between the two statutes.

Defendant does not contend she will have to personally pay the sanctions award, which is only imposed against her attorney. Instead, she argues she is "aggrieved" because "[t]he trial court's order makes substantive findings with respect to the merits of [defendant's] case." "The existence of an erroneous 'finding' in support of the sanctions order aggrieves [defendant.]" "Other than [defendant], no person or party has the requisite right and interest to refute the erroneous findings in the trial court's order on appeal. It is not the right or duty of [defendant's law firm] to litigate [defendant's] case on the merits in the role of a party to a collateral sanctions proceeding."

Defendant's concerns are misplaced. The fact that parties to an ongoing action may be "aggrieved" by a trial court's interim ruling does not give them an

---

[2]     Former code section 904.1, subd. (k), at issue in *Calhoun*, *supra*, 20 Cal.App.4th at p. 42 permitted appeals to be taken from sanction orders against a party or attorney "only if the amount exceeds [a specified sum]. Lesser sanction judgments against a party or an attorney for a party may be reviewed on an appeal *by that party* after entry of final judgment in the main action . . . ." (Italics added.) (See Stats. 1989, ch. 1416, § 25.)

immediate right to an interim appeal.  To the contrary, California's "one final judgment rule" requires them to wait to appeal from a judgment that disposes of all the causes of action between the parties.  (*Kurwa v. Kislinger* (2013) 57 Cal.4th 1097, 1100.)  Even writ relief is not granted for mere trial court error, even if it results in expense to the aggrieved party.  "'If such were the rule, reviewing courts would in innumerable cases be converted from appellate courts to nisi prius tribunals.'"  (*Omaha Indemnity Co. v. Superior Court* (1989) 209 Cal.App.3d 1266, 1272.)

Defendant is in no worse situation than had the trial court made the same order and findings and imposed sanctions upon defense counsel below the $5,000 threshold.  In that event, no one, not even the defense counsel, could have filed an appeal.

A few courts have permitted clients to file appeals of sanctions awards against both the client and the attorney, liberally construing the notice of appeal to extend to both the client and the attorney, or by reasoning that the appeal has been brought on the attorney's behalf.  (See, e.g., *Eichenbaum v. Alon* (2003) 106 Cal.App.4th 967, 974; *Kane v. Hurley* (1994) 30 Cal.App.4th 859, 861, fn 4.)

But that is not our case.  There is no sanction award against defendant, so there is nothing to attach to her appeal.

Defendant's appellate rights are preserved since she may file a direct appeal from the final judgment in this case.  Since defense counsel did not file an appeal from the sanction order, there is no danger of a pre-final judgment appellate ruling that theoretically could impact her case as it makes its way through pretrial and trial.

DISPOSITION

The appeal is dismissed.  In the interests of justice, the parties shall bear their own costs on appeal.

5