Filed 11/16/15  Jackson v. Chevron U.S.A. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| LIONEL JACKSON, | B258665 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. YC067977) |
| v. | |
| CHEVRON U.S.A., INC., | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles, Laura C. Ellison, Judge.  Dismissed.

AlderLaw, Michael Alder, Lyssa A. Roberts, Jaclyn L. Anderson, for Plaintiff and Appellant.

Sedgwick, Philip R. Cosgrove, Hall R. Marston, Ryan E. Cosgrove, for Defendant and Respondent.

_____

AlderLaw, P.C., is one of the former attorneys for Lionel Jackson, a plaintiff in a civil action. Sanctions were imposed by the trial court against AlderLaw and the Law Offices of David H. Greenberg, but not against Jackson. A notice of appeal was filed from the sanctions order, with only Jackson identified as the appealing party. We dismiss the appeal because (1) AlderLaw's attempt to amend the notice of appeal to name itself as the appealing party is untimely and ineffective, and (2) Jackson lacks standing to appeal the sanctions order against AlderLaw.

## FACTUAL AND PROCEDURAL BACKGROUND

### The underlying action and events leading up to the trial date

Jackson filed suit against Chevron U.S.A., Inc. and other defendants on November 27, 2012. His attorney was Greenberg. The parties stipulated to a May 5, 2014 trial date, and on April 15, 2014, AlderLaw associated in as cocounsel for Jackson. For various reasons relating to the availability of the trial court or expert witnesses, the trial date was continued several times. About a week before jury selection was scheduled to begin on Monday, July 21, 2014, lead trial counsel Lyssa Roberts of AlderLaw argued motions in limine and announced ready for trial.

On Thursday, July 17, 2014, AlderLaw became aware of information that created an ethical conflict. At a meeting between two attorneys from Greenberg, Roberts, and their mutual client Jackson, it was agreed that AlderLaw would withdraw from the case. According to Roberts, Greenberg took custody of the file on July 20, 2014, instructed Roberts to discontinue any communications with Jackson, and told Roberts he was prepared to proceed to trial. Jackson signed a substitution of attorney form consenting to the discharge of AlderLaw on July 20, 2014, but Greenberg did not sign the form. Counsel for Chevron was not notified of the conflict or AlderLaw's withdrawal until Monday, July 21, 2014.

2

***AlderLaw's disassociation and Greenberg's request for continuance***

On Monday, July 21, 2014, AlderLaw filed a Notice of Disassociation of Counsel stating the firm "has substituted out of this case, hereby disassociates as counsel, and is no longer counsel of record for [Jackson]. The Law Offices of David H. Greenberg continue to represent Plaintiff in this action . . . ." Greenberg asked the court to continue the trial date. The trial court ordered Roberts to show cause why the court should discharge her from representing Jackson at trial. At the order to show cause hearing that afternoon, the trial court determined that an ethical conflict prevented Roberts from representing Jackson at trial, and granted Greenberg's request to continue the trial date. Defense counsel claimed prejudice, noting that the defendant had incurred expenses preparing for trial, including attorney time, moving the file to a location closer to the courthouse, and having a court reporter and equipment ready for trial. Acknowledging that AlderLaw and Greenberg could have avoided causing prejudice to the defendant by notifying defense counsel of the ethical conflict and the need for a continuance in advance, the court scheduled a sanctions hearing for August 18, 2014.

***Sanctions order***

In a declaration in support of monetary sanctions, defendant sought over $11,000 in attorney fees and almost $1,700 in costs. AlderLaw's response pointed out that the court lacked authority to impose sanctions under Code of Civil Procedure section 128.5 because there were no bad faith actions or frivolous tactics. AlderLaw also argued that to the extent the court might impose sanctions under its inherent powers, AlderLaw should not be sanctioned because it was ethically required to withdraw and its conduct did not lead to the need for a continuance.

The court's order imposing sanctions stated: "Pursuant to Code of Civil Procedure section 1024, the Court awards monetary sanctions in favor of defendant Chevron

U.S.A., Inc. in the amount of $7,500.00, payable within thirty (30) days of this Order. The Law Offices of David H. Greenberg and AlderLaw PC are jointly and severally liable for the sanctions."

*Appellate filings*

On September 4, 2014, AlderLaw filed a Notice of Appeal giving notice that plaintiff Lionel Jackson was appealing the order entered on August 18, 2014.[1]  Almost nine months later, on June 1, 2015, AlderLaw simultaneously filed with this court an Appellant's Opening Brief and a Motion to Amend Notice of Appeal to reflect that AlderLaw, and not Jackson, is the appellant.  On June 15, 2015, respondent Chevron filed an Opposition to Motion to Amend Notice of Appeal or, in the alternative, Motion to Dismiss the Appeal.  Chevron also filed a Respondent's Brief.  AlderLaw did not file any opposition to Chevron's motion to dismiss the appeal, nor did it file a reply brief in support of its purported appeal or its motion to amend.

## DISCUSSION

We agree with Chevron that Jackson's appeal should be dismissed.  First, AlderLaw fails to provide any authority under which an appellate court may permit an attorney to "substitute in" for a party that lacks standing to appeal well after the time for filing a notice of appeal has passed.  Second, Jackson lacks standing to appeal because he was not aggrieved by the sanctions order.

***AlderLaw has not cited authority for its attempted amendment, and any attempted appeal would be untimely***

---

[1] Greenberg filed its own notice of appeal, but later abandoned the appeal.

4

AlderLaw's motion to amend is a bare-bones document, merely seeking to change the name of the appealing party from Jackson to AlderLaw without providing any supporting facts or authority. Chevron's opposition correctly points out that AlderLaw no longer represented Jackson at the time it initially filed the notice of appeal, and that the motion to amend is unsupported by any facts or legal authority.

Case law supports liberally construing notices of appeal in favor of permitting substantive review of the issues on appeal. (See, e.g., *Toal v. Tardif* (2009) 178 Cal.App.4th 1208, 1216-1217 [liberally construing a notice of appeal that did not identify appealing party and was signed by only one of two parties as applying to both]; *Kane v. Hurley* (1994) 30 Cal.App.4th 859, 861, fn. 4 [construing notice of appeal to apply to both sanctioned attorney and attorney who filed the appeal].) The California Rules of Court state "a party wanting to make a motion in a reviewing court must serve and file a written motion stating the grounds and the relief requested and identifying any documents on which the motion is based." (Cal. Rules of Court, rule 8.54(a)(1).) The "motion must be accompanied by a memorandum and, if it based on matters outside the record, by declarations or other supporting evidence." (Cal. Rules of Court, rule 8.54(a)(2).)

AlderLaw's motion to amend claims the notice of appeal "mistakenly lists Appellant as Plaintiff Lionel Jackson" and states that the trial court relieved AlderLaw as Jackson's counsel on July 21, 2014, and that the appeal concerns an order of sanctions as to Greenberg and AlderLaw, not Jackson. AlderLaw requests this court to remedy the error by considering the notice of appeal as identifying AlderLaw as the appealing party, rather than Jackson. Contrary to the requirements set forth in the California Rules of Court, AlderLaw's motion to amend does not identify any authority under which this court can permit a change to the notice of appeal that would in essence permit AlderLaw to file a late appeal of the August 18, 2014 order. Nor is the motion supported by a factual declaration offering any explanation for why AlderLaw filed a notice of appeal on behalf of a former client, or why it waited almost nine months to correct its mistake.

In the absence of any memorandum of points and authorities or a declaration explaining the reason for the mistaken designation of the appealing party, and the delay

5

in seeking to correct the notice, AlderLaw's motion must be denied. (See *People v. McEwan* (2007) 147 Cal.App.4th 173, 179 [dismissing criminal defendant's motion to amend or construe notice of appeal as including sentencing issues, where motion unsupported with declaration].)

### *Jackson lacks standing to appeal*

"A party who is not aggrieved by an order or judgment has no standing to attack it on appeal." (*Niles v. City of San Rafael* (1974) 42 Cal.App.3d 230, 244)  Under Code of Civil Procedure section 902, "[a]ny party aggrieved may appeal" as provided by statute. "One is considered 'aggrieved' whose rights or interests are injuriously affected by the judgment.  [Citations.]" (*County of Alameda v. Carleson* (1971) 5 Cal.3d 730, 737.)  The affected interests "'must be immediate, pecuniary, and substantial and not nominal or a remote consequence of the judgment'  [Citation.]" (*Ibid.*)

If a court imposes sanctions on a party or an attorney, the sanctions order is appealable "if the amount exceeds five thousand dollars ($5,000)." (Code Civ. Proc., § 904.1, subd. (a)(12).)  If the sanctions amount is five thousand dollars or less, the sanctioned party may seek review by writ petition or on appeal after final judgment. (Code Civ. Proc., § 904.1, subd. (b).)  If the court sanctions an attorney but not a party, the attorney has the right to appeal the sanctions order. (*20th Century Ins., Co. v. Choong* (2000) 79 Cal.App.4th 1274, 1276-1277; *Calhoun v. Vallejo City Unified School Dist.* (1993) 20  Cal.App.4th 39, 42 (*Calhoun*) [court lacks jurisdiction to review sanctions ruling where the purported appeal is by the party, not the sanctioned attorney].)

Jackson lacks standing to appeal the court's sanction order because he is not an aggrieved party.  If an attorney for a party is liable for sanctions, the attorney must include himself in the notice of appeal in order to effectively appeal the sanctions ruling. (*Calhoun, supra*, 20 Cal.App.4th at p. 42.)  Because AlderLaw only identified Jackson as the appealing party, and Jackson was not subject to sanctions, Jackson lacks standing to appeal.

6

## DISPOSITION

AlderLaw, P.C.'s Motion to Amend the Notice of Appeal is denied.  Lionel Jackson's appeal is dismissed.  Respondent Chevron U.S.A., Inc. is awarded its costs on appeal.


KRIEGLER, J.

We concur:


MOSK, Acting P. J.


BAKER, J.