Filed 8/24/20  Schott v. McMillan CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| ANDREW SCHOTT,<br><br>    Objector and Appellant,<br><br>v.<br><br>SANDRA MCMILLAN,<br><br>    Respondent. | 2d Civ. No. B295693<br>(Super. Ct. No. 16PR-0250)<br>(San Luis Obispo County) |

THE COURT:[*]

Respondent Sandra McMillan became the successor trustee of the Schott Family Trust (Trust) after the settlor, Fred H. Schott (Fred), died in 2015.  There are six trust beneficiaries, including Fred's son, appellant Andrew Schott.  In 2016, McMillan filed a petition for settlement of account, which she later supplemented.  Appellant

---

[*] Yegan, A.P.J, Perren, J. and Tangeman, J.

petitioned to remove McMillan as trustee based on alleged breaches of fiduciary duty and bad faith. He also objected to her petition for settlement of account.

Following a contested trial, the court denied appellant's petition to remove McMillan, but agreed she had breached her fiduciary duties by selling Fred's engineering business, Fred H. Schott & Associates (FHS), "with great haste and without an actual professional appraisal." She was surcharged $68,528.73 for that breach.

The trial court subsequently approved McMillan's final settlement of account but ordered her to pay 5 percent in prejudgment interest on the surcharge amount and also half of one of her expert's fees. Her total debt to the Trust is $76,621,40.

Appellant, who was represented by counsel in the trial court, is appearing in propria persona. He appeals both the order denying his petition to remove McMillan as trustee and the order approving her final statement of account. Appellant's 22-page opening brief includes statements of the case, appealability and facts but no argument. Some argumentative dialogue appears in portions of the brief but, for the most part, appellant's specific claims of error are vague and undeveloped. The table of authorities does not include any page numbers and many of the authorities, such as the 10 listed cases, do not appear elsewhere in the brief. Appellant also raises a nonappealable issue and asserts claims that were not before the trial court.

In an apparent abundance of caution, McMillan filed a 57-page brief addressing and discounting any possible

argument appellant could be attempting to raise. As we shall explain, this was unnecessary. Based on the significant deficiencies in appellant's opening brief, we conclude he has waived any challenge to the orders on appeal. We therefore affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Fred's nominated successor trustee and daughter, Wendy Jentsch, initially accepted the trustee position. She later resigned and nominated McMillan, a professional trustee. The relevant Trust assets include (1) FHS, (2) a residence at 520 Chorro Street in San Luis Obispo, (3) a 50 percent interest in property at 3469 Empressa in San Luis Obispo, (4) property at 3190 Country Club Drive in Clearlake, (5) a 2015 Mazda vehicle and (6) miscellaneous personal property.

McMillan received an unsolicited letter of intent from FTF Engineering, Inc. ("FTF") to purchase FHS's assets. FTF had previously subcontracted significant engineering work to FHS. McMillan met with FHS staff and discussed the proposed sale with her attorney and FHS's business manager. At that time, FHS was three months behind in rent.

McMillan determined the business should be quickly liquidated. She signed the non-binding letter of intent, which did not include a purchase price. William J. Osterbauer, a business appraiser, provided McMillan with a written appraisal. He concluded FHS's assets had little to no value and that the business had a significant negative-net-book value without the FTF subcontracted work. McMillan believed FTF's offer was "an answer to a

3

prayer" and "a positive thing for . . . the [T]rust." She sold the business to FTF for $1 plus $19,558.27 for FHS's June 2015 operating expenses.

Curtis Oeser, a real estate appraiser, valued the Chorro Street property at $685,000 as of the date of Fred's death. McMillan listed the property for $729,000. Built in 1942, the single-family residence needed significant work. After receiving no offers and feedback that the property was overpriced, McMillan reduced the price to $699,000. She received two offers, one for $639,000 and another for $600,000. She countered both offers at $679,000 and one buyer accepted. Following a home inspection, McMillan agreed to a $25,000 price reduction for buyer-requested repairs. The final sale price was $654,000.

In his petition to remove McMillan as trustee, appellant alleged she sold FHS and the Chorro Street property for less than their actual values, mishandled Fred's personal property, and failed to properly communicate with the beneficiaries and to obtain their approval of her various actions. The trial court rejected all but one allegation. It determined McMillan had underestimated the value of FHS's assets.

Appellant's expert testified to an appraised value of $432,640 to $855,762, assigning much of the value to FHS's customer list and engineering drawings. McMillan's expert assigned a value of $1,821.

Finding both expert opinions "partially unreliable," the trial court determined the total business value was $88,077. After subtracting $19,548.27 for expenses paid as

4

part of the sale, the court surcharged McMillan for the $68,528.73 balance.

At the hearing on the final statement of account, the trial court considered appellant's objections to McMillan's trustee fees and to the Trust's payment of her business appraisal expert's fees. McMillan requested $41,408.58 in trustee fees. The court awarded her $38,408.58, noting that $24,783.81 already had been paid. It reduced the Trust's obligation for McMillan's attorney fees and ordered her to pay 5 percent in prejudgment interest on the surcharge amount, i.e., $11,444.30. Notwithstanding its determination that McMillan had breached her fiduciary duties, the court found she "attempted to accomplish th[e] sale [of FHS] reasonably and in good faith to a potentially legitimate buyer, but . . . did not accomplish this goal as to the sale price."

The trial court also required McMillan to pay one half of her appraisal expert's fees. As a result, McMillan owes the Trust $76,621.40.

DISCUSSION

"Whether legal or factual, no error warrants reversal unless the appellant can show injury from the error. [Citation.]" (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286.) "[T]o demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis." (*Id.* at pp. 286-287.) "[W]e may disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the

5

conclusions he wants us to adopt. [Citations.]" (*Id*. at p. 287.)

Appellant acknowledges in his opening brief that he cannot afford further legal fees and "apologize[s] if the format is not perfectly prepared." While we recognize the difficulties self-represented appellants often face, they are held to the same standards as attorneys. (*Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543; *Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1210 [A self-represented litigant is "treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys"]; see *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 985 ["A doctrine generally requiring or permitting exceptional treatment of parties who represent themselves would lead to a quagmire in the trial courts, and would be unfair to the other parties to litigation"].)

As McMillan points out, appellant's statements of the case and facts are incomplete and improperly one-sided (see *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246), but the dearth of legal analysis is particularly unacceptable. (See *ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 1011.) "One cannot simply say the [trial] court erred, and leave it up to the appellate court to figure out why. [Citation.]" (*Niko v. Foreman* (2006) 144 Cal.App.4th 344, 368 (*Niko*).) Neither this court nor the respondent has duty to "'act as [appellant's] counsel . . . and [to] furnish a legal argument as to how the trial court's rulings . . . constituted an abuse of discretion' [citation], or a mistake of law [or fact]." (*Ibid*.)

6

Accordingly, we do not address arguments that may be buried in the opening brief's statement of the case or statement of facts. A brief must "[s]tate each point under a separate heading or subheading summarizing the point, and support each point by argument and, if possible, by citation of authority." (Cal. Rules of Court, rule 8.204(a)(1)(B).) This rule "'lighten[s]the labors of the appellate [courts] by requiring . . . litigants to present their cause systematically and so arranged that those upon whom the duty devolves of ascertaining the rule of law to apply may be advised, as they read, of the exact question under consideration, instead of being compelled to extricate it from the mass.' [Citation.]" (*Opdyk v. California Horse Racing Bd.* (1995) 34 Cal.App.4th 1826, 1830, fn. 4.)

We recognize appellant has provided a somewhat more expanded discussion of two issues: the trial court's earlier denial of his motion for change of venue and a judicial bias claim. But neither issue is properly before us. An order denying a change of venue request is subject to writ review and may not be challenged on appeal. (Code Civ. Proc., § 400; *Calhoun v. Vallejo City Unified School Dist.* (1993) 20 Cal.App.4th 39, 41, disapproved on other grounds by *K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 888, fn. 6.) As for the judicial bias claim, it was not raised in the trial court and may not be considered for the first time on appeal. (Code of Civ. Proc., §170.3, subd. (c)(1); *Moulton Niguel Water Dist. v. Colombo* (2003) 111 Cal.App.4th 1210, 1218; *In re Steven O.* (1991) 229 Cal.App.3d 46, 55.)

Appellant's "suggestions of error without supporting argument or authority other than general abstract

principles do not properly present grounds for appellate review."  (*Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd.* (2002) 100 Cal.App.4th 1066, 1078.)  In the absence of a cogent explanation of how the trial court committed error in either of the two challenged orders, we conclude the deficiencies in his opening brief preclude review of those orders.  (See *Niko, supra,* 144 Cal.App.4th at p. 368.)

DISPOSITION

The trial court's orders are affirmed.  McMillan shall recover her costs on appeal.

<u>NOT TO BE PUBLISHED.</u>

Barry T. LaBarbera, Judge

Superior Court County of San Luis Obispo

_____

Andrew Schott, in pro. per., for Appellant.

Barnick Hodges Law Corporation, John F. Hodges; Whitney Northington Barnick; Law Office of Greg A. Coates, Greg A. Coates, for Respondent.