Filed 5/17/21  Marriage of Stacey CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of DENNIS and MARSHA STACEY. | |
| DENNIS STACEY,<br><br>    Appellant,<br><br>    v.<br><br>MARSHA STACEY,<br><br>    Respondent. | F082473<br><br>(Super. Ct. No. RFL-15-000137)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Jason W. Webster, Judge.

Dennis Stacey, in pro. per., for Appellant.

No appearance for Respondent.

-ooOoo-

Appellant Dennis Stacey filed this appeal to challenge an order denying his motion for a change of venue.  This court (1) notified the parties that an order denying a venue motion is not appealable, (2) provided them with a copy of pages from *Calhoun v.*

---

[*]    Before Franson, Acting P.J., Peña, J. and De Santos, J.

*Vallejo City Unified School Dist.* (1993) 20 Cal.App.4th 39 (*Calhoun*) discussing appealability, and (3) asked whether unusual or extraordinary circumstances existed that justified treating his appeal as a petition for writ of mandate. Dennis's response asserted extraordinary circumstances existed because the commissioner who issued the venue order had been disqualified but continued to issue orders and conduct proceedings in this case.

Based on our review of the December 6, 2017 minute order and Dennis's statement that no court reporter was present when he made his application to disqualify the commissioner, there is no realistic probability that Dennis will be able to demonstrate (1) he made a timely and proper peremptory challenge to the commissioner under Code of Civil Procedure section 170.6[1] and (2) the challenge was accepted. (See Weil & Brown, *California Practice Guide: Civil Procedure Before Trial* (The Rutter Group 2020) ¶ 9:121.20, p. 9(I)-102 [disqualification effective upon acceptance by court].) Therefore, we conclude the circumstances presented do not justify exercising our discretionary authority to treat this appeal from a nonappealable order as a petition for writ of mandate.

We therefore dismiss this appeal.

## DISCUSSION

I.     NONAPPEALABLE ORDER

    A.     <u>Trial Court Proceedings</u>

On February 22, 2021, Dennis filed a document titled "PETITIONER'S MOTION TO APPEAL THE DECISION MADE TO CHANGE VENUE" in the Kern County Superior Court. This document stated Dennis was "requesting an appeal on an order to change the venue to Kings County Court" and referred to a request to change venue heard

---

[1]     Unlabeled statutory references are to the Code of Civil Procedure.

on November 18, 2020 by Jason W. Webster, who was a commissioner at the time. The document also stated:

> "1. On December 6, 2017, in open court and prior to the hearing I recused Commissioner Jason Webster. Our case was then sent over to another court room to be heard by Honorable Judge Kenneth G. Pritchard. This case was continued and was heard multiple times by Judge Pritchard. [¶] … [¶]

> "14. On November 18, 2020, Commissioner Webster stated in court due to Covid-l9 the courts were backed up and the court dates would change. That he was denying my request to change venue without a reason given even after the Respondent's Attorney has stated that it is a hardship for her client to come all the way from Kings County for court, and financially for all parties it made sense to move the case to Kings County."

Dennis's May 6, 2021 response to our order requesting substantiation of his claim that he recused the commissioner stated a court reporter was not present when he made his oral request in open court on December 6, 2017, and, as a result, there was no reporter's transcript showing the commissioner was disqualified. To support his claim, however, Dennis attached a copy of the December 6, 2017 minute order of the proceedings conduct before Judge Pritchard. We have reviewed the minute order. It makes no mention of the disqualification and provides no other information from which it is reasonable to infer the commissioner was disqualified.

B.     Legal Principles

1.     *Motions to Change Venue*

Section 400 provides that a party aggrieved by the denial of a motion to change venue "may, within 20 days after the service of a written notice of the order, petition the court of appeal … for a writ of mandate requiring trial of the case in the proper court." In *Calhoun*, the appellate court stated: "Review of an order granting or denying a motion for change of venue lies only by petition for writ of mandate. (Code Civ. Proc., § 400.)" (*Calhoun*, *supra*, 20 Cal.App.4th at p. 41.) The court also concluded the order on the venue motion was not made appealable by section 904.1. (*Calhoun*, *supra*, at p. 41.)

3.

### 2. Appealability Requirement

Generally, "a reviewing court is 'without jurisdiction to consider an appeal from a nonappealable order, and has the duty to dismiss such an appeal upon its own motion.' " (*In re Mario C.* (2004) 124 Cal.App.4th 1303, 1307.) "A trial court's order is appealable when it is made so by statute." (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696.) Section 904.1 makes certain types of orders made appealable. (§ 904.1, subds. (a)(2)–(14).) As stated in *Calhoun*, these statutory provisions do not mention an order on a motion to change venue. In *Richards v. Miller* (1980) 106 Cal.App.3d Supp. 13 (*Richards*), the court stated: "Review on appeal from a final judgment is, however, the proper method of review of nonappealable orders." (*Id*. at p. 14, fn. 1.)

### 3. Application of Legal Principles

The foregoing principles compel the conclusion that the order denying Dennis's motion to change venue is not appealable. (*Calhoun*, *supra*, 20 Cal.App.4th at p. 41.) Because "a reviewing court is 'without jurisdiction to consider an appeal from a nonappealable order, and has the duty to dismiss such an appeal,' " (*In re Mario C.*, *supra*, 124 Cal.App.4th at p. 1307), we must dismiss this appeal, unless an exception applies.

## II. REQUEST FOR WRIT OF MANDATE

An exception to the general rule requiring dismissal provides that appellate courts have the discretion, in certain situations, to treat an appeal from a nonappealable order as a petition for writ of mandate. (See *Olson v. Cory* (1983) 35 Cal.3d 390, 401 [the "power to treat a purported appeal as a petition for writ of mandate ... should not [be] exercise[d] ... except under unusual circumstances"].) For instance, "[i]t is appropriate to treat an appeal from a nonappealable judgment as a petition for extraordinary writ when requiring the parties to wait for entry of final judgment might lead to unnecessary trial proceedings, the briefs and the record include the necessary elements for a writ of mandate, there is no indication the trial court would appear as a party in the writ proceeding, the appealability

4.

of the order was not clear, and all parties urge the court to decide the issue rather than dismiss the appeal." (*Truman v. Superior Court* (2017) 17 Cal.App.5th 969, 979; see *Olson v. Cory*, *supra*, 35 Cal.3d at pp. 400–401.)

For purposes of this appeal, we accept that extraordinary circumstances are present when a judicial officer who has been disqualified in accordance with the statutory procedure continues to conduct proceedings and issue orders in the case. As a result, we consider whether Dennis will be able to demonstrate he properly made an oral application for a peremptory challenge under oath. (See § 170.6.) Demonstrating what happened during an oral proceeding requires a reporter's transcript, an agreed statement, a settled statement, or an order describing the proceedings. (See generally, *Jameson v. Desta* (2018) 5 Cal.5th 594, 608–610 [importance of a court reporter under California law]; *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186–187 [listing cases where appellate courts declined to reach merits of claim because of absence of a reporter's transcript].)

Based on our review of the documents attached to Dennis's notice of appeal, his April 20, 2021 response to our order directing him to address the appealablity of an order denying a venue motion to dismiss, and his May 6, 2021 response to specific questions about his ability to substantiate his claim that a disqualified commissioner was continuing to issue orders in his case, we conclude there is no realistic probability that Dennis could demonstrate he made a timely and proper peremptory challenge to the commissioner under section 170.6 and, in addition, his challenge was accepted. (See Weil & Brown, *California Practice Guide: Civil Procedure Before Trial*, *supra*, ¶ 9:121.20, p. 9(I)-102 [disqualification effective upon acceptance by court].) The absence of a record of the challenge prevents such a demonstration. Accordingly, we will not exercise our discretionary authority and treat this appeal as a petition for writ of mandate.

## DISPOSITION

The appeal from the order denying Dennis's motion for a change of venue is dismissed. Respondent is entitled to her costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2) [prevailing party is respondent if the Court of Appeal dismisses the appeal].)