Filed 12/23/25  Marriage of Zayas-Alvarez and Alvarez-Cabanillas CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| In re the Marriage of DULCE MARIA ZAYAS-ALVAREZ AND MIGUEL ALVAREZ-CABANILLAS. | |
| | D085337 |
| DULCE MARIA ZAYAS-ALVAREZ, | |
| Respondent, | (Super. Ct. No. 22FL002438S) |
| v. | |
| MIGUEL ALVAREZ-CABANILLAS, | |
| Appellant. | |


APPEAL from a judgment of the Superior Court of San Diego County, Sherry Thompson-Taylor, Judge.  Appeal dismissed.

Miguel Agustin Alvarez-Cabanillas, in pro. per., for Appellant.

No appearance for Respondent.


In this marriage dissolution proceeding, Miguel Agustin Alvarez-Cabanillas, a self-represented litigant, appeals from an order denying transfer of venue from the San Diego County Superior Court's South County Division to that court's Central Division.

As we will explain, an order denying transfer of venue is not an appealable order. Accordingly, we dismiss the appeal.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

This marriage dissolution proceeding was instituted on March 4, 2022, when Dulce Maria Zayas-Alvarez filed a petition for dissolution against Alvarez-Cabanillas.

On March 18, 2024, Alvarez-Cabanillas filed a request for order in which he sought to transfer venue from the San Diego County Superior Court's South County Division to that court's Central Division. Alvarez-Cabanillas did not include his request for order in the appellate record, although the existence of that filing is noted in the Register of Actions.

After a hearing held on September 19, 2024, the trial court issued an order on October 15, 2024, in which it denied the request to transfer venue, finding no good cause to do so.

Alvarez-Cabanillas filed a notice of appeal on December 10, 2024, from the trial court's October 15, 2024 order. In his appellate brief, Alvarez-Cabanillas argues that the trial court erred in denying his request to transfer venue. He contends venue should have been transferred due to the trial court's "extreme bias" against him, which would make it impossible for him to receive a "fair proceeding" without a change in venue. Zayas-Alvarez has not filed a respondent's brief.

## II.

## DISCUSSION

Alvarez-Cabanillas appeals from an order denying a motion to transfer venue. However, "[a]n order granting or denying a motion to transfer venue is reviewable only by petition for writ of mandate," not through an appeal. (*K.R.L. Partnership v. Superior Court* (2004) 120 Cal.App.4th 490, 496, fn. 6.) Such an order "is not made appealable by statute (Code Civ. Proc., § 904.1) or by any of the 'clearly mandated' exceptions to the one final judgment rule. (*Calhoun v. Vallejo City Unified School Dist.* (1993) 20 Cal.App.4th 39, 41–42 (*Calhoun*).)

Further, although we have the discretion to treat an improper appeal as a petition for a writ of mandate in " 'unusual circumstances' " (*Calhoun, supra*, 20 Cal.App.4th at p. 42), no unusual circumstances are present here, and any attempt to analyze the merits of arguments raised by Alvarez-Cabanillas would be futile because Alvarez-Cabanillas has not provided an adequate record for us to do so. Among other things, the record does not include Alvarez-Cabanillas's request for an order transferring venue or the reporter's transcript from the September 19, 2024 hearing.

We accordingly dismiss Alvarez-Cabanillas's appeal.

## DISPOSITION

The appeal is dismissed.


IRION, Acting P. J.

WE CONCUR:


DO, J.


BUCHANAN, J.