Filed 10/7/13  Bayati v. Town Square M Properties CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| KAHTAN BAYATI, as Trustee etc.,<br><br>　　Plaintiff and Appellant,<br><br>　　v.<br><br>TOWN SQUARE M. PROPERTIES LLC, et al.,<br><br>　　Defendants and Respondents. | B245695<br><br>(Los Angeles County<br>Super. Ct. No. KC058874) |

　　　APPEAL from an order of the Superior Court of Los Angeles County,

Robert A. Dukes, Judge.  Dismissed.

　　　Kahtan Bayati, in pro. per., for Plaintiff and Appellant.

　　　Law Offices of Brian C. Pearcy and Brian C. Pearcy for Defendants and

Respondents.

Kahtan Bayati, Trustee of the Kahtan Bayati Living Trust, dated June 17, 1997, (Bayati) appeals an order imposing $6,000 in discovery sanctions against him in favor of respondent Town Square M. Properties, LLC (Town Square).[1] Bayati contends that the imposition of sanctions was unreasonable and constituted an abuse of discretion. We conclude that the order awarding sanctions is not appealable and dismiss the appeal.

*FACTUAL AND PROCEDURAL BACKGROUND*

The trial court proceedings as evidenced by the limited record before the court were as follows.[2] On June 3, 2010, Bayati filed a complaint for rescission, reformation of contract, fraud, waste, negligence, and injunctive and declaratory relief arising from his lease of property (Property) in the City of Pomona to Town Square. Town Square owned the adjacent property where it operated a gas station. The complaint alleged that Town Square's agent represented to Bayati that it intended to lease the Property to allow tanker trucks to have more convenient access to the gas station but that Town Square then used the Property in an unauthorized manner. Town Square attempted to develop a car wash and fast food restaurant on the Property, and stored construction machinery and vehicles there, allegedly causing hazardous substances to leak into the soil.

Town Square cross-complained against Bayati alleging that he had breached the lease by (1) refusing to execute documents in connection with Town Square's attempts

---

[1]    Although the notice of appeal is ambiguous as to whether Bayati is appealing in his status as trustee, we assume that he is.

[2]    Appellant's index does not provide a complete record of the proceedings below and often does not include file-stamped documents. Therefore, we leave out the dates of events where there is no supporting record.

to sublet the Property to a fast food restaurant chain; (2) refusing to allow Town Square to develop the Property; (3) refusing to promptly provide government notices or authorize government entities to provide these notices directly to Town Square; (4) making false accusations of lease violations against Town Square, including accusations of hazardous waste dumping, failure to secure appropriate insurance, and encroachment; (5) providing documents purporting to evict Town Square and terminate the lease, when Town Square was fully performing on the lease and there was no legal basis for doing so; and (6) falsely representing to Town Square's insurance agent and carrier that Town Square had been evicted from the Property.

Bayati demurred to the cross-complaint and, on October 13, 2010, Town Square filed a first amended cross-complaint. On January 18, 2012, Town Square filed a second amended cross-complaint adding two new parties and new allegations of fraud and other misconduct. On February 28, 2012, the court re-opened discovery between the original parties only as to the new allegations in the second amended cross-complaint. Town Square thereafter propounded form and special interrogatories, requests for admissions and requests for production of documents on Bayati, and Bayati served responses.

1.    *Special Interrogatories*

On August 1, 2012, counsel for Town Square sent a letter to Bayati demanding supplemental responses to the special interrogatories within ten days. Town Square argued that Bayati's responses were inadequate because they merely objected to the special interrogatories on the grounds that they were mis-labeled as "set two" when they

3

were, in fact, "set three." Bayati responded by letter and argued that Town Square was required to re-serve the interrogatories with the correct labeling. Town Square filed a motion to compel further requests and requested monetary sanctions in the amount of $4,772.50.

2. *Form Interrogatories*

On August 20, 2012, counsel for Town Square sent a letter to Bayati demanding supplemental responses to form interrogatories numbers 15.1 and 17.1 within ten days. Town Square argued that Bayati's response to number 15.1 − objecting on the grounds that the request was "ambiguous" because it did not specify which "pleading" Bayati should address − was inadequate and that Bayati was required to provide a supplemental response with respect to the new allegations made in the second amended cross-complaint. Town Square argued that Bayati's response to number 17.1 was inadequate because the response improperly incorporated prior responses.

Bayati responded by letter and asked Town Square to identify each new allegation in the second amended cross-complaint that Town Square wanted Bayati to address in his response to number 15.1. Bayati also stated that Town Square's request that he separately state his responses to number 17.1 was "unreasonable, vexatious, argumentative and burdensome." Town Square filed a motion to compel further requests and requested monetary sanctions in the amount of $4,805.

3. *Demands for Inspection and Production*

On August 20, 2012, counsel for Town Square sent a letter to Bayati requesting supplemental responses to the requests for production within ten days. Town Square

4

argued that Bayati's responses did not comply with the Code of Civil Procedure for a variety of reasons, including that Bayati was required to produce documents he claimed were in the possession of his former counsel. On August 24, 2012, Bayati responded by letter and argued that Town Square was required to re-serve the requests for documents because the instruction portion erroneously referred to "interrogatories" instead of "requests for production." Town Square filed a motion to compel further responses and requested monetary sanctions in the amount of $3,667.50.

4.     *The Trial Court's Ruling*

On October 24, 2012, the court granted the three motions, ordered Bayati to serve further responses to the subject discovery requests within ten days, and imposed sanctions against Bayati "in the reduced sum of $6,000.00." Bayati appealed.

## *CONTENTIONS*

Bayati contends that the court abused its discretion in awarding monetary sanctions to Town Square because Bayati acted reasonably in responding to the subject discovery requests.

## *DISCUSSION*

An order imposing monetary sanctions is not appealable prior to entry of final judgment unless the amount of sanctions exceeds $5,000. (Code of Civil Procedure, section 904.1, subdivision (a)(12) [a party may appeal from "an order directing payment of monetary sanctions by a party or an attorney for a party if the amount exceeds five thousand dollars ($5,000)"]; *Rail-Transport Employees Assn. v. Union Pacific Motor Freight* (1996) 46 Cal.App.4th 469, 474.).

We must first decide if an order directing the payment of $6,000 in sanctions in connection with the court's decision to grant three motions to compel further responses to discovery is appealable. Town Square argues that the court's sanction award was allocated between the three motions in the amount of $2,000 per motion such that the amount awarded per motion is less than the $5,000 threshold requirement on appeal. Bayati argues that the trial court did not "prorate the sanctions amount" and that the sanctions award should be considered an aggregated sum for the purpose of meeting the $5,000 statutory minimum.

The minute order supports Town Square's position that the $6,000 sanctions award was split over three motions. The order provided that the court was awarding sanctions in "a *reduced sum* of $6,000." (Emphasis added.) Thus, the amount represented a "sum" of separate awards. In addition, as Town Square had moved for sanctions in amounts of $3,667.50, $4,772.50 and $4,805 per motion, that the award was "reduced" indicates that the court awarded amounts less than those requested and, thus, less than $5,000 each.

Bayati argues that we should aggregate the three sanctions awards for the purpose of meeting the statutory minimum, citing to dicta in *Champion/L.B.S. Associates Development Co. v. E-Z Serve Petroleum Marketing, Inc.* (1993) 15 Cal.App.4th 56. The *Champion* court hypothesized that in situations where a party simultaneously propounds three requests for discovery and then files "a motion (or perhaps two or three motions) to compel further discovery," if the court "issues three separate sanction awards" sanctioning "the same conduct . . . three times,"

6

" 'aggregation' would be proper." (*Id.* at pp. 59-60.)  Even if we were to follow the *Champion* dicta, here, each of the motions was based on distinct misconduct by Bayati in responding to the different sets of discovery requests.  Furthermore, the *Champion* court's holding also supports the conclusion that the awards should not be aggregated here: the *Champion* court held that discovery sanctions that arose out of two separate motions could not be aggregated to reach the statutory minimum for an appeal where the underlying conduct giving rise to the imposition of sanctions for each motion was separate and distinct.

Accordingly, we conclude that the court's order directing the payment of sanctions in connection with the three underlying motions to compel is not directly appealable because the amount of sanctions awarded per motion did not reach the $5,000 threshold provided for by section 904.1 of the Code of Civil Procedure.

*DISPOSITION*

The appeal is dismissed.  Town Square shall recover its costs on appeal.


***NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS***



CROSKEY, J.

WE CONCUR:



KLEIN, P. J.



KITCHING, J.